12-2499-cv
Solow v. Citigroup, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand thirteen.

Present:        ROSEMARY S. POOLER,
                PETER W. HALL,
                DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

_____

SHELDON H. SOLOW,

                        *Plaintiff-Appellant*,

                -v-                                        12-2499-cv

CITIGROUP, INC., VIKRAM PANDIT,

                        *Defendants-Appellees.*

_____

Appearing for Appellant:        DONALD CORBETT (Daniel K. Roque, Ira Lee Sorkin, Amiad M. Kushner, *on the brief*), Lowenstein Sandler PC, New York, NY.

Appearing for Appellees:        MARC A. WEINSTEIN (Jesse L. Jensen, *on the brief*), Hughes Hubbard & Reed LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York  (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant ("Plaintiff") appeals from a May 21, 2012 judgment of the district court (Sweet, *J.*), which granted Defendants-Appellees' motion to dismiss Plaintiff's Second Amended Complaint (the "Complaint") for failure to state a claim and denied Plaintiff leave to amend the Complaint. The Complaint alleges that Citigroup, Inc. ("Citigroup") made misrepresentations and omissions of material fact in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and common law fraud under New York law. The Complaint also brings a claim against Vikram Pandit for allegedly acting as a control person with respect to the underlying violation. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's ruling on a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*." *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010). "In considering a motion to dismiss a 10(b) action, we must accept all factual allegations in the complaint as true and must consider the complaint in its entirety." *Id.* "A complaint alleging securities fraud must satisfy the heightened pleading requirements of the PSLRA and Federal Rule of Civil Procedure 9(b) by stating with particularity the circumstances constituting fraud." *Id.*

"To state a claim under [Section 10(b) and] Rule 10b-5 for misrepresentations, a plaintiff must allege that the defendant (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 105 (2d Cir. 2007). The Complaint alleges that Citigroup made misstatements or omissions of material fact with respect to its capitalization and liquidity. With respect to Citigroup's statements about its capitalization, Plaintiff's claim fails because he has failed to point out any misstatements or omissions. Citigroup's statements that it was "well-capitalized" were not misleading because Citigroup met the regulatory definition of the term when those statements were made. *See* 12 C.F.R. § 325.103(b) (defining when financial institutions are "well-capitalized"). The Complaint does allege that Citigroup took actions which suggest that it risked falling under the well-capitalized threshold in the future, but it points to nothing mandating a duty to disclose those actions. "Silence, absent a duty to disclose, is not misleading under Rule 10b-5." *Basic Inc. v. Levinson*, 485 U.S. 224, 239 n.17 (1988).

With respect to Citigroup's statements about its liquidity, Plaintiff adequately pleads misrepresentations and omissions. *See Solow v. Citigroup, Inc.*, 827 F. Supp. 2d 280, 288 (S.D.N.Y. 2011) (holding that similar pleadings in Plaintiff's First Amended Complaint pled "sufficient facts to establish alleged material misstatements and omissions"). However, Plaintiff's claim fails because he has failed to adequately plead that his reliance on Citigroup's liquidity statements proximately caused his loss. "[A] misstatement or omission is the 'proximate cause' of an investment loss if the risk that caused the loss was within the zone of risk *concealed* by the misrepresentations and omissions alleged by a disappointed investor." *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173 (2d Cir. 2005) (emphasis in original). Thus to establish loss causation, a plaintiff must allege that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered[.]" *Id.* (internal quotation marks and ellipsis omitted). Solow fails to allege plausibly that the purported misstatements Citibank

2

made regarding its liquidity relate to the five events that he asserts revealed Citibank's liquidity deficiencies. The Complaint also fails to distinguish the effects of the fraud alleged from those caused by the adverse market conditions existing at the time. Accordingly, Plaintiff has failed to plead loss causation with respect to Citigroup's statements about its liquidity.

Plaintiff also alleges that Citigroup committed common law fraud under New York law. "Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001). Plaintiff's common law fraud claim fails for the same reasons Plaintiff's Section 10(b) claim fails.

Plaintiff also brings a claim against Vikram Pandit as a "control person" under Section 20(a) of the Securities Exchange Act. "To establish a prima facie case of control person liability, a plaintiff must show (1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc.*, 493 F.3d at 108. Because Plaintiff has failed to plead a primary violation by Citigroup, his Section 20(a) claim fails.

Finally, we review denial of leave to amend a complaint for abuse of discretion. *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). We conclude that the district court did not abuse its discretion here.

We have considered Plaintiff's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3